23-7645-cv
*Sterling v. Deutsche Bank Nat'l Tr. Co.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> > *Circuit Judges*.

---

EVERTON STERLING,

> *Plaintiff-Appellant*,

v.                                                              23-7645-cv

DEUTSCHE BANK NATIONAL TRUST COMPANY, STEVEN JAY BAUM, REG. #2092831, STEVEN J. BAUM P.C., PILLAR PROCESSING LLC., KYLE CLARK DIDONE, REG. #4549275, JASON B. DESIDERIO, LARRY TATE POWELL, REG. #4544177, DAVIDSON FINK LLP, SPECIALIZED LOAN SERVICING, LLC, SERVICER FOR DEFENDANT DEUTSCHE BANK, MORTGAGE ELECTRONICS REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST FRANKLIN, A DIVISION OF NAT. CITY BANK OF IN, NASSAU RECOVERY INC./HOME FEDERAL SB, EDMOND JAMES PRYOR, REG.

#2310605, LAW OFFICES OF EDMOND J. PRYOR,

*Defendants-Appellees*,

John "Does" and Jane "Does", 1 through 100,

*Defendants*.

---

FOR PLAINTIFF-APPELLANT:                    Everton Sterling, *pro se*, Bronx, New York.

FOR DEFENDANTS-APPELLEES:              Thomas A. Plotkin, Halloran & Sage, LLP, Hartford, Connecticut, *for* Pillar Processing, LLC.

Robert J. Brener, Duane Morris LLP, New York, New York, *for* Deutsche Bank National Trust Company and Specialized Loan Servicing LLC.

Anthony J. Proscia, Kaufman Dolowich LLP, New York, New York, *for* Steven Jay Baum, Steven J. Baum P.C., Kyle Clark Didone, and Jason B. Desiderio.

Appeal from a judgment and orders of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on March 29, 2023, and the orders denying reconsideration are **AFFIRMED**.

Plaintiff-Appellant Everton Sterling, proceeding *pro se*, appeals from the district court's judgment in favor of the Defendants-Appellees and subsequent denials of his reconsideration motions. In 2006, non-party Howard White took out loans secured by mortgages on his property at 726 East 219th Street, Bronx, New York. White allegedly defaulted on one of the loans, and

2

days after the commencement of the resulting foreclosure action, he conveyed the property to Sterling.

After unsuccessfully attempting to vacate the foreclosure, Sterling brought this federal action, asserting claims for civil RICO violations, under 18 U.S.C. §§ 1962(a), 1964(c), and for fraud, based on allegations that the value of the property was fraudulently misrepresented when the mortgages were issued to White. Across a series of decisions, some of which adopted reports and recommendations issued by magistrate judges, the district court dismissed the claims against some of the defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6), and granted summary judgment in favor of the remaining defendants, pursuant to Federal Rule of Civil Procedure 56. The district court also denied Sterling's subsequent motions for reconsideration and vacatur. This appeal followed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

This Court "review[s] a district court's grant of summary judgment *de novo*." *Kravitz v. Purcell*, 87 F.4th 111, 118 (2d Cir. 2023). "Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hayes v. Dahlke*, 976 F.3d 259, 267 (2d Cir. 2020) (quoting Fed. R. Civ. P. 56(a)).

As an initial matter, Sterling generally contends that the district court erred in granting summary judgment to the defendants on his RICO and fraud claims. However, "[t]o defeat summary judgment . . . nonmoving parties must do more than simply show that there is some metaphysical doubt as to the material facts, and they may not rely on conclusory allegations or unsubstantiated speculation." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005)

3

(internal quotation marks and citations omitted). Here, Sterling's allegations are conclusory, and he has provided no evidence to place any issues regarding his RICO and fraud claims into material dispute. Therefore, the district court correctly entered judgment in favor of the defendants on Sterling's claims.

In reaching this conclusion, we similarly find Sterling's other arguments unavailing. Sterling first argues that the district court failed to consider "land records" that he asserts are incontrovertible evidence of the alleged fraud. However, these land records were not filed below. To be sure, we may consider evidence not included in the record in "extraordinary circumstances." *See Amara v. Cigna Corp.*, 53 F.4th 241, 257 n.8 (2d Cir. 2022) (internal quotation marks omitted). Here, although the land records suggest that the total loan amount was greater than the estimated property value, the records reveal nothing about White's motivations for taking loans on the property, the process of securing those loans, or the actions of any of the defendants. In short, because the land records do not otherwise impact the outcome of this appeal, Sterling has failed to present extraordinary circumstances to warrant the consideration of those records for the first time on appeal. *See id.* (declining to consider evidence outside the appellate record where there were no extraordinary circumstances warranting review because the relevant documents "would make no difference in [the] resolution of [the] appeal").

Sterling also contends that the district court should not have granted summary judgment because the defendants did not submit affidavits in support of their motion from individuals with personal knowledge about the issues in this case. However, while a party moving for summary judgment under Rule 56 must show that it is "entitled to judgment as a matter of law" and must support assertions of fact by admissible evidence, *see* Fed. R. Civ. P. 56(a), (c)(1), there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits

4

or other similar materials negating the opponent's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis omitted). Other forms of evidence will suffice. Thus, it was appropriate for the district court to grant summary judgment in favor of the defendants based on the non-affidavit evidence they submitted in support of their motion.

Sterling next asserts that the defendants' attorneys in this case used their "prestige" and "influence" to "manipulate" the district court into entering judgment against him and that this manipulation resulted in a violation of his procedural due process rights. Appellant's Br. at 3. This argument is without merit. There is no evidence in the record suggesting wrongdoing by the defendants' attorneys. Additionally, as the docket reflects, Sterling received notice of all court filings by the defendants and was afforded ample opportunity, including through several extensions, to respond to each motion and to object to all reports and recommendations.

Finally, Sterling argues that the district court erred in denying his "Motion to Claim and Exercise Constitutionally Secured Rights" for his failure to comply with Local Civil Rule 7.1. Appellant's Br. at 5. However, independent of the issues surrounding Sterling's lack of compliance with the local rules, we conclude that the motion was unnecessary because Sterling requested that the district court recognize and uphold his constitutional rights, something it was already bound to do. *See* 28 U.S.C. § 453. Moreover, Sterling does not identify any instances during the proceedings below in which the district court's procedures denied him his rights under the Constitution or laws of the United States. Therefore, the district court properly determined that,

5

even if Sterling complied with the local rules in filing the motion, his motion should be denied because it was baseless.

*                    *                    *

We have considered Sterling's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment and orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court